SAMPSON COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, EX REL. MARY HESTER BOLTON, PLAINTIFF-APPELLEE v. ALBERT BOLTON, JR., DEFENDANT-APPELLANT

No. 884DC609

(Filed 7 March 1989)

1. **Garnishment § 2 — garnishment for child support—rate set in order—necessity for motion for higher rate**

    Due process requires that a child support enforcement agency may automatically garnish wages for enforcement of child support in IV-D cases only at the rate set out in the controlling child support order. Once the underlying order sets out the amount of the ongoing support obligation and the amount to be applied toward liquidation of a support arrearage, the agency may not garnish at a higher rate without first pursuing a motion to show cause why the debtor should not be garnished at a higher rate than that set by the underlying order. N.C.G.S. § 110-136.

SAMPSON CO. CHILD SUPPORT ENFORCEMENT *ex rel.* BOLTON v. BOLTON

[93 N.C. App. 134 (1989)]

2. **Garnishment § 2— garnishment for child support—hearing —equal protection**

The hearing provided by N.C.G.S. § 110-136.4 in IV-D garnishment proceedings does not violate a debtor's rights to equal protection when compared to the hearing granted private litigants under N.C.G.S. § 110-136.5.

APPEAL by defendant from *Thagard, Judge.* Orders entered 18 April 1988 in District Court, SAMPSON County. Heard in the Court of Appeals 12 December 1988.

In 1978 defendant, a non-custodial parent, became subject to a child support order requiring him to pay $15.00 per week to the clerk of court for the support of his five minor children. As the children received public assistance the order specified that defendant's payments be delivered to the North Carolina Department of Human Resources to reimburse the State for benefits provided to defendant's children under the Aid for Families with Dependent Children program. Statutory reimbursement to the State was created in response to a federal scheme for child support enforcement.

In 1980, Sampson County Child Support Enforcement Agency acquired an order to show cause alleging that defendant was in contempt for failing to make his payments. Defendant filed a motion contending that no debt had accrued to the State during the periods he had been unemployed. On appeal to this Court defendant's position was upheld. *Lockamy v. Bolton,* No. 814DC1153 (N.C. Court of Appeals, filed 7 September 1982 (unpublished opinion)). As a result of that opinion the defendant's arrearage was adjusted on remand to include only periods during which he was financially able to furnish support.

In February 1985, plaintiff again acquired an order to show cause, alleging that defendant was in arrears in the amount of $4,190.00. Defendant filed a motion challenging the amount of arrears and requesting a modification of the original order. The court did not relieve defendant of the portion of the debt attributable to the months he had been unemployed. But, as all but one of defendant's children had reached the age of eighteen, the court reduced defendant's future support obligations to $5.00 per week, and set the rate for payment on arrearages at $10.00 per week.

SAMPSON CO. CHILD SUPPORT ENFORCEMENT *ex rel.* BOLTON v. BOLTON

[93 N.C. App. 134 (1989)]

On appeal this Court restated that defendant was not liable for support during months he was financially unable, that is, when he was unemployed. On remand, the District Court deleted all arrearages for the months of November through March, 1981 through 1985.

On 2 December 1987, plaintiff served defendant with a "Notice of Intent to Require Income Withholding" pursuant to N.C.G.S. § 110-136.4. Until 1986, defendant's employment had consisted of warm weather seasonal farm work. When plaintiff served the defendant with a "Notice of Garnishment" defendant was working full time at a tobacco company. However, during the ninety-five weeks from March 1985 through December 1986, defendant had been unemployed a total of 44 weeks.

The Notice stated arrearages at $3,565.78 and that defendant's wages would be garnished at the rate of $60.00 per week. Garnishment was to begin automatically. The notice stated that defendant could contest garnishment only by alleging one of three mistakes of fact as set out in N.C.G.S. § 110-129(10).

"Mistake of fact" means that the obligor:

(a) is not in arrears in an amount equal to the support payable for one month; or

(b) did not request that withholding begin . . . or

(c) is not the person subject to the court order of support for the chid [sic] named in the advance notice of withholding.

Instead, defendant wished to contest the amount of arrearage and the amount to be garnished.

Defendant by motion requested a hearing. In addition to challenging the amount of arrearage and the amount to be withheld the motion challenged the constitutionality of the State's wage garnishment procedures for the enforcement of child support in IV-D cases.

In its order dated 18 April 1988, the district court adjusted the amount of defendant's arrearage in consideration of the 44 weeks he was not employed, set defendant's weekly garnishment at $40.00, and denied defendant's due process and equal protection challenges to the statute. From this order defendant appeals.

**SAMPSON CO. CHILD SUPPORT ENFORCEMENT** *ex rel.* **BOLTON v. BOLTON**

[93 N.C. App. 134 (1989)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General T. Byron Smith, for the State appellee.*

*East Central Community Legal Services, by Leonard G. Green and James P. Green, Jr., for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the hearing provided under N.C.G.S. § 110-136.4 for contesting wage garnishment fails to comport with due process requirements under the federal and North Carolina Constitutions. We disagree. Rather, we find that plaintiff Sampson County Child Support Enforcement Agency proceeded wrongly under North Carolina's statutory scheme for income withholding in IV-D cases by attempting to use the garnishment proceeding outlined in N.C.G.S. § 110-136.4 as a means to modify the underlying order which established the rate at which the defendant could be assessed for arrearages.

Defendant also contends that the notice provisions of N.C.G.S. § 110-136.4 are contrary to the federal statute which is the basis for wage garnishment proceedings and therefore invalid under the Supremacy clause. We take up this argument first, and then proceed to defendant's due process argument.

Federal law requires states to implement procedures for income withholding as a method of enforcing child support orders. 42 U.S.C. 666(a)(b). "In cases in which the custodial parent seeks support enforcement through the state's IV-D agency, commonly termed IV-D cases, the procedure for income withholding must be triggered whenever the absent parent fails to make payments amounting to one month's support. . . ." Note, *Legislating Responsibility: North Carolina's New Child Support Enforcement Acts,* 65 N.C.L. Rev. 1354, 1357-58 (1987).

The federal scheme mandates advance notice of garnishment to non-custodial parents. The notice must include procedures the absent parent should follow to contest the withholding, including the amount to be withheld and the total amount of arrearage. 42 U.S.C. 666(4)(A); 45 C.F.R. 303.100(a)(5). A state is exempt from these advance notice requirements if there was "a system of income withholding for child support purposes in effect on August 16, 1984" which meets procedural due process requirements of state law. 42 U.S.C. 666(4)(B).

In 1975 Congress enacted the Title IV-D program to improve enforcement of child support payments. Note, *Remedies-Domestic Relations: Garnishment for Child Support*, 56 N.C.L. Rev. 169 (1978). June 25, 1975 North Carolina amended Chapter 110 of the General Statutes providing a system for child support enforcement to conform to the 1975 Federal enactment. *Id.* at 169, n.5. North Carolina's scheme for enforcement was in place before 16 August 1984 and is exempt from federal advance notice requirements so long as North Carolina's scheme complies with state due process requirements.

In *Henry v. Edmisten*, 315 N.C. 474, 340 S.E. 2d 720 (1986), the Court formulated this statement of due process requirements under the North Carolina Constitution's Law of the Land clause:

> When the furtherance of a legitimate state interest requires the state to engage in prompt remedial action adverse to an individual interest protected by law and the action proposed by the state is reasonably related to furthering the state interest, the law of the land ordinarily requires no more than that before such action is undertaken, a judicial officer determine there is probable cause to believe that the conditions which would justify the action exist.

*Henry*, at 494, 340 S.E. 2d at 733. The State concedes that the defendant has a property interest in his wages. The State interest in child support enforcement is established by statute. N.C.G.S. § 110-128 *et seq.; see Note*, 65 N.C.L. Rev. 1354 (1987). As long as before garnishment occurs "a judicial officer has determined that there is probable cause to believe that the conditions which would justify" garnishment have occurred, state due process requirements are met.

Garnishment is defined as "not an independent action but a proceeding ancillary to attachment." N.C.G.S. § 1-440.21. Attachment is a proceeding ancillary to a pending action. N.C.G.S. § 1-440.1. "Attachment may be had in any action for . . . the support of a minor child. . . ." N.C.G.S. § 1-440.2. Like attachment, garnishment is merely a remedy to enforce an underlying order. *See* Dobbs, *Remedies* § 1.3 (1973).

Two conditions justify enforcement by garnishment of child support obligations:

**SAMPSON CO. CHILD SUPPORT ENFORCEMENT** *ex rel.* **BOLTON v. BOLTON**

[93 N.C. App. 134 (1989)]

[I]n any case in which a responsible parent is under a court order . . . to provide child support, a judge of the district court . . . may enter an order of garnishment whereby no more than forty percent (40%) of the responsible parent's monthly disposable earnings shall be garnished for the support of his minor child.

N.C.G.S. § 110-136(a), and

An obligor shall become subject to income withholding on the earliest of:

(1) The date on which the obligor fails to make legally obligated child support payments in an amount equal to the support payable for one month . . . .

N.C.G.S. § 110-136.3(b)(1).

On 30 October 1987, when defendant received plaintiff's "Notice of Garnishment," defendant was subject to a valid support order entered 8 March 1985 and modified 7 April 1986. That order was entered following a hearing which accorded defendant substantial due process. As directed by this Court, the order as modified set defendant's arrearage at $2,655.00 by considering only the periods when the defendant was employed and financially able to comply. *Lockamy v. Bolton*, No. 854DC513 (N.C. Court of Appeals, filed 21 January 1986 (unpublished opinion)).

The March 1985 order established the following rate of payment:

(a.) Defendant shall pay $15.00 per week during the months of April through October. Said payments shall be allocated such that $5.00 is applied to fulfill defendant's continuing support obligation for the remaining one minor child; *and $10.00 is applied toward payment of the present child support arrearage.* (Emphasis added.)

(b.) Defendant shall pay $5.00 per week during the months of November through March, all of which payments shall be allocated to fulfill defendant's continuing support obligation for the remaining one minor child.

[1] Defendant argues that due process requires that plaintiff may only garnish automatically at the rate set out in the controlling support order. We agree. As cited already, N.C.G.S. § 110-136 only allows garnishment when the parent is under a court order. Once

the underlying order sets out the amount of the ongoing obligation and the amount to be applied toward liquidation of overdue support, IV-D agencies may not garnish at a higher rate without first applying by motion for a modification in the rate at which defendant is to pay arrearage. The motion would be in the nature of a motion to show cause why the defendant should not be garnished at a rate higher than that set out in the underlying order. *Cf.* N.C.G.S. § 1-352 ("requiring such debtor to appear and answer concerning his property before such court or judge . . ."). The motion would allow for proper notice and would give the debtor an opportunity to respond to plaintiff's application for a change in the rate of payment on the debt as well as an opportunity to dispute the amount of arrearage. If, as in this case, the underlying order does not set the amount payable as high as the maximum rate of forty percent permitted by N.C.G.S. § 110-136(a), the agency's motion can address that question.

The requirement of a motion to garnish at a rate different than the underlying order complements the federal scheme which requires:

> [S]uch withholding must occur without the need for any amendment to the support order involved or for any further action . . . by the court or other entity which issued such order.

42 U.S.C. 666(b)(2).

> The State must ensure that in the case of each absent parent against whom a support order is or has been issued or modified in the State, and is being enforced under the State plan, so much of his or her wages must be withheld, in accordance with this section, as is necessary to comply with the order.

45 C.F.R. 300.100(a). Plaintiffs in this action could have garnished at the rate of $10.00 per week in compliance with the underlying order. However, N.C.G.S. § 110-136 does not permit plaintiffs to make a unilateral change in the underlying order. Our ruling does not require amendment to the underlying support order, it merely recognizes that due process would require that defendant has a right to be heard on any change in the terms of that order.

In this case defendant's motion requesting a hearing to contest the amount of arrearage and amount to be garnished was granted. The court corrected the amount of arrearage and reduced the amount of weekly garnishment to $40.00 of defendant's $179.78 weekly

SAMPSON CO. CHILD SUPPORT ENFORCEMENT *ex rel.* BOLTON v. BOLTON

[93 N.C. App. 134 (1989)]

wage. Prior to the hearing on 9 March 1988, plaintiff garnished $120.00 of defendant's wages at the rate of $60.00 per week. After the hearing, the plaintiff continued garnishing defendant's wages at the rate of $40.00 per week pursuant to the district court's order. Defendant was laid off in April 1988.

The record shows that the defendant had an opportunity to be heard on the amount of arrearage and the rate of garnishment. However, for the future, the burden is upon the enforcement agency to make a motion to alter the rate of payment on arrearage, not the defendant. The defendant is entitled to reimbursement of $100.00 for the two weeks he was garnished above the $10.00 per week allowed in the court's 1985 order.

It is true that if the statutory definition of "Mistakes of Fact" in N.C.G.S. § 110-129(10) were expanded to include as reasons to contest garnishment, the amount of arrearage, and, the rate of garnishment, it would eliminate the need for a separate motion to show cause why the debtor should not be garnished at a higher rate than that set in the underlying order. Additionally it would comport with federal advance notice requirements. 42 U.S.C. 666(4)(A), 45 C.F.R. § 303.100(a)(5). *See also* Kan. Stat. Ann. § 23-4,107(f)(4) (1987) (the only basis for contesting the withholding is a mistake of fact concerning the amount of support order, the amount of the arrearage, the amount of income to be withheld or the proper identity of the obligor); *see* Note, *Kansas Enacts New Provisions for Child Support Enforcement*, 25 Washburn L.J. 91, 112-15 (1985).

[2] Defendant also contends that the hearing provided by § 110-136.4 in IV-D garnishment proceedings when compared to the hearing granted private litigants under N.C.G.S. § 110-136.5, violates the defendant's rights to equal protection. Given our interpretation of N.C.G.S. § 110-136.4 we find defendant's argument without merit.

Though we disagree with the reasoning of the trial court, for the reasons stated above we affirm its judgment that North Carolina's income withholding scheme, N.C.G.S. § 110-128 *et seq.* does not violate defendant's due process and equal protection rights. This matter is remanded for reimbursement to the defendant of $100.00, the amount he was garnished at above the rate set in the March 1985 order, before the court heard defendant on the question of the amount to be withheld.

Affirmed in part and reversed in part.

Chief Judge HEDRICK and Judge ORR concur.